Vachagan Armenakovich
**ORUDZHYAN,**
Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–73913.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 25, 2009.

R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Areg Kazaryan, Law Offices of Areg Kazaryan, Glendale, CA, for Petitioner.

Robert S. Greenspan, Esquire, U.S. Department of Justice, OIL, DOJ–U.S. Department of Justice Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Vachagan Armenakovich Orudzhyan, a native of Armenia and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Kohli v. Gonzales,* 473 F.3d 1061, 1070–71 (9th Cir.2007), and we deny the petition for review.

■ Substantial evidence supports the IJ's adverse credibility determination based on the discrepancies between Orudzhyan's testimony and his asylum application on material issues including his party affiliation and who persecuted him in Russia. *See Kohli,* 473 F.3d at 1071 (discrepancies between petitioner's testimony and declaration supported adverse credibility finding). He was unable to explain the discrepancies. *See Guo v. Ashcroft,* 361 F.3d 1194, 1200 (9th Cir.2004). Accordingly, Orudzhyan's asylum claim fails.

■ Because Orudzhyan failed to satisfy the lower standard of proof for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

■ Orudzhyan's contention that the BIA violated his due process rights by failing to address his CAT claim is not persuasive because the BIA adopted and affirmed the IJ's order denying CAT relief for failure to meet his burden of proof.

**PETITION FOR REVIEW DENIED.**